DAVID R. WRIGHT (Utah State Bar No. 5164; E-Mail: dwright@wnlaw.com)
MARK W. FORD (Utah State Bar No. 10659; E-Mail: mford@wnlaw.com)
JARED J. BRAITHWAITE (Utah State Bar No. 12455; E-Mail: jbraithwaite@wnlaw.com)
WORKMAN | NYDEGGER
1000 Eagle Gate Tower
60 East South Temple
Salt Lake City, Utah 84111
Telephone: (801) 533-9800
Facsimile: (801) 328-1707

Attorneys for Plaintiff ICON HEALTH & FITNESS, INC.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| ICON HEALTH & FITNESS, INC., a Delaware corporation,<br><br>　　　　　Plaintiff,<br>　v.<br>SOLO SPORTS GROUP, INC., a California corporation,<br><br>　　　　　Defendant. | Civil Action No. 1:10-cv-00020-TC<br><br>**COMPLAINT**<br><br>Jury Demanded<br><br>Honorable Judge Tena Campbell |

　　　　Plaintiff ICON HEALTH & FITNESS, INC. ("ICON" or "Plaintiff") hereby complains against defendant SOLO SPORTS GROUP, INC. ("Solo Sports" or "Defendant") for the causes of action alleged as follows:

**THE PARTIES**

　　　　1.　　ICON is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business located at 1500 South 1000 West, Logan, Utah 84321.

2. ICON alleges on information and belief that defendant Solo Sports is a California corporation with its principal place of business located at 105 – G Copperwood Way, Oceanside, California 92058.

## JURISDICTION AND VENUE

3. This is a civil action for patent infringement arising under the patent laws of the United States, including 35 U.S.C. § 271, which gives rise to the remedies specified under 35 U.S.C. §§ 281, and 283–85.

4. This is a civil action for misappropriation of trade dress under Section 43 of the Lanham Action, 15 U.S.C. § 1125, which gives rise to the remedies specified under Sections 34–36 of the Lanham Act, 15 U.S.C. §§ 1116–18.

5. This is also a civil action for unfair competition arising under Utah Code Ann. § 13-5a-101, *et seq*.

6. This is also a civil action for deceptive trade practices arising under Utah Code Ann. § 13-11a-1, *et seq*.

7. This court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1338(a), and 15 U.S.C. § 1121. This Court has related claim jurisdiction over state law claims pursuant to 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367.

8. This is also an action in which the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs, and is between a citizen of the State of Utah and, upon information and belief, a citizen of the State of California. Accordingly, this Court also has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a)(1).

9. ICON alleges on information and belief that Solo Sports has sold or contracted for the sale of infringing goods within the State of Utah, to ICON's injury, which relates to the claims asserted by ICON, and out of which ICON's claims, in part, arise.

10. This Court's exercise of personal jurisdiction over Solo Sports is consistent with the Constitutions of the United States and the State of Utah. Moreover, this Court has personal jurisdiction over Solo Sports at least pursuant to Utah Code Ann. § 13-11a-4(1), inasmuch as Solo Sports has conducted business within the State of Utah and has committed acts of patent infringement, trade dress infringement, and unfair competition, as alleged herein, within the State of Utah.

11. Venue is proper in this judicial district pursuant to, at least, 28 U.S.C. §§ 1391(b)(2), 1391(b)(3), 1391(c), and 1400(b).

## FACTUAL BACKGROUND

12. ICON is an award-winning innovator in the field of exercise equipment and markets and sells a variety of consumer products.

13. ICON came to its position of technological leadership through hard work and substantial investment in research and development. As a result of its endeavors, many of the technological innovations created and owned by ICON are protected by a valuable and diverse intellectual property portfolio that includes patents, trademarks, trade dress, and copyrights.

14. Many of ICON's technological innovations are protected, *inter alia*, by a portfolio of utility and design patents, including United States Reissue Patent No. 34,478 ("the '478 Patent"). A true and correct copy of the '478 Patent is attached hereto as Exhibit A.

15. ICON is the owner by assignment of the '478 Patent.

16. ICON has not licensed Solo Sports to practice the '478 Patent, and Solo Sports does not have any right or authority to license others to practice the '478 Patent.

17. ICON alleges upon information and belief that Solo Sports imports, makes, uses, sells, and offers for sale within the United States and within the State of Utah, either directly or through established distribution channels, exercise bikes, including exercise bikes designated as, *inter alia*, Elite Fitness Dual Action Upright Exercise Bike Model EB275 (the "Elite Bike"). Attached hereto as Exhibit B, and incorporated herein by reference, is a true and correct representative image of an Elite Bike.

18. On information and belief, Solo Sports' Elite Bike infringes the '478 Patent.

19. ICON's product designs are protected under the trade dress laws of the United States. Specifically the Weslo Pursuit 2.0 DS bike, the Weslo Pursuit E25 bike, and the Pursuit E28 bike (hereafter "Pursuit Bikes"), share a distinctive trade dress design, as depicted in the images attached hereto as Exhibit C, which are incorporated herein by reference.

20. ICON has invested heavily in efforts to develop recognition and goodwill among both ICON's immediate consumers and the consuming public generally for ICON's products, including for the Pursuit Bikes.

21. On information and belief, as a result of, *inter alia*, ICON's substantial investment in research and development and promotion of its products, the consuming public recognizes the combination of structural and ornamental features of ICON's Pursuit Bikes as distinctive trade dress ("ICON Trade Dress"), which design features connote a common source. Thus, at a minimum, the ICON Trade Dress has acquired secondary meaning.

22. ICON has not licensed Solo Sports any rights in the ICON Trade Dress, and Solo Sports does not have any right or authority to use, market, display, or sell products that incorporate the ICON Trade Dress.

23. The design of the Elite Bike depicted in Exhibit B employs the same visual appearance and numerous other ornamental features of the ICON Trade Dress depicted in Exhibit C and thereby infringes ICON's trade dress rights.

24. Solo Sports' trade dress infringement constitutes a violation of ICON's trade dress rights, aimed at preventing ICON from continuing to build a business around its distinctive product design and at preventing ICON from sustaining the goodwill generated by the ICON Trade Dress.

**FIRST CAUSE OF ACTION**
**(Patent Infringement)**

25. By this reference ICON realleges and incorporates the foregoing paragraphs 1 through 24, as though fully set forth herein.

26. ICON alleges on information and belief that Solo Sports has infringed and continues to infringe one or more claims of the '478 Patent by making, using, selling, offering for sale within the United States or importing into the United States systems and products that embody one or more of the claims of the '478 Patent, or by contributing to infringement, inducing others to infringe the '478 Patent, or carrying out acts constituting infringement under 35 U.S.C. § 271.

27. The conduct of Solo Sports as set forth hereinabove gives rise to a cause of action for infringement of the '478 Patent, pursuant to at least 35 U.S.C. §§ 271 and 281.

28. To the extent that Solo Sports continues to sell infringing products, including the Elite Bike, subsequent to receiving notice of the initiation of this action, despite an objectively high likelihood that its actions constitute infringement, Solo Sports' actions will be both willful and deliberate.

29. By reason of the foregoing, ICON is entitled to monetary relief against Solo Sports, pursuant to 35 U.S.C. §§ 284–85, as more fully set forth herein below.

## SECOND CAUSE OF ACTION
### (Trade Dress Infringement)

30. By this reference ICON realleges and incorporates the foregoing paragraphs 1 through 29, as though fully set forth herein.

31. Solo Sports' use of the ICON Trade Dress in its products, including but not limited to the Elite Bike is deceptive and is likely to cause mistake and confusion regarding whether Solo Sports is affiliated, connected, or associated with ICON and/or whether Solo Sports' goods and services originate from ICON, or are sponsored or approved by ICON.

32. By reason of at least the foregoing, Solo Sports' use of the ICON Trade Dress in its products, including, but not limited to the Elite Bike gives rise to a cause of action pursuant to Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

33. Upon information and belief, Solo Sports has infringed the ICON Trade Dress and other intellectual property rights with the intent to cause confusion and mistake and to deceive both with respect to the origin, sponsorship, and approval of its goods and services by ICON, and with respect to whether Solo Sports is affiliated, connected, or associated with ICON.

34. By reason of Solo Sports' infringement of the ICON Trade Dress and other acts of unfair competition, ICON has suffered damages and irreparable harm.

35. By reason of the foregoing, ICON is entitled to monetary and preliminary and permanent injunctive relief pursuant to Sections 34–36 of the Lanham Act, 15 U.S.C. §§ 1116–1118, as more fully set forth hereinbelow.

## THIRD CAUSE OF ACTION
### (State Law Unfair Competition)

36. By this reference ICON realleges and incorporates the forgoing paragraphs 1 through 36, as though fully set forth herein.

37. Solo Sports, by its actions set forth hereinabove, has engaged in intentional business acts or practices that are unlawful, unfair, and/or fraudulent and that have caused a material diminution in the value of the patents, trade dress, and other intellectual property held by ICON, including, but not limited to, the '478 Patent and the ICON Trade Dress, and which acts or practices also constitute infringement of such patents and trade dress held by ICON, and has thereby engaged in unfair competition, pursuant to, *inter alia*, Utah Code Ann. § 13-5a-102(4).

38. Solo Sports' conduct as set forth hereinabove gives rise to a cause of action for unfair competition and related wrongs under the statutory and common law of the State of Utah and other states, including at least Utah Code Ann. § 13-5a-101, *et seq*.

39. On information and belief, Solo Sports has engaged in unfair competition in willful and deliberate disregard of the rights of ICON and the consuming public.

40. By reason of Solo Sports' unfair competition, ICON has suffered damages and irreparable harm.

41.     By reason of the foregoing, ICON is entitled to actual and punitive damages from Solo Sports, along with its attorneys' fees and costs pursuant to at least Utah Code Ann. § 13-5a-103(1)(b) as more fully set forth hereinbelow.

**FOURTH CAUSE OF ACTION**
**(State Law Deceptive Trade Practices)**

42.     By this reference ICON realleges and incorporates the foregoing paragraphs 1 through 41, as though fully set forth herein.

43.     Solo Sports, by its actions as set forth hereinabove, has caused, causes, and will continue to cause a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of its products, including but not limited to the Elite Bike; has caused, causes, and will continue to cause a likelihood of confusion or misunderstanding as to the affiliation, connection, association with, or certification by another of its products, including but not limited to, the Elite Bike; represented, represents, and will continue to represent that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or qualities that they do not have, including its products, including but not limited to the Elite Bike; and has thereby engaged in deceptive trade practices, pursuant to, *inter alia*, Utah Code Ann. §§ 13-11a-3(1)(b), (c), and (e).

44.     Solo Sports' conduct as set forth hereinabove gives rise to a cause of action for deceptive trade practices and related wrongs under the statutory and common law of the State of Utah and other states, including at least Utah Code Ann. § 13-11a-1, *et seq*.

45.     On information and belief, Solo Sports has engaged in deceptive trade practices against ICON in willful and deliberate disregard of the rights of ICON and the consuming public.

46. By reason of Solo Sports' acts of deceptive trade practices, ICON has suffered damages and irreparable harm.

47. By reason of the foregoing, ICON is entitled to preliminary and permanent injunctive and monetary relief against Solo Sports, along with its attorneys' fees and costs, pursuant to at least Utah Code Ann. §§ 13-11a-4(2)(a), (b), and (c), as more fully set forth hereinbelow.

## PRAYER FOR RELIEF

WHEREFORE, ICON prays for judgment as follows:

A. A judgment finding Solo Sports liable for infringement of the '478 Patent;

B. An award of damages to ICON, in an amount to be proven at trial, pursuant to at least 35 U.S.C. § 284;

C. An order of this Court temporarily, preliminarily, and permanently enjoining Solo Sports, its agents, servants, and any and all parties acting in concert with any of them, from directly or indirectly infringing in any manner the ICON Trade Dress or engaging in unfair competition or deceptive trade practices, pursuant to at least Section 34(a) of the Lanham Act, 15 U.S.C. § 1116(a) and Utah Code Ann. § 13-11a-4(2)(a);

D. An order of this Court directing Solo Sports to destroy its entire stock of infringing products, together with all labels, signs, prints, packages, wrappers, receptacles, and advertisements, as well as all plates, molds, matrices, or other means of making the same pursuant to at least Section 36 of the Lanham Act, 15 U.S.C. § 1118;

E. An award of Solo Sports' profits, in an amount to be proven at trial, pursuant to at least Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a);

     F.     An award of treble ICON's damages, pursuant to at least Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a), and 35 U.S.C. § 284;

     G.     An award of three times Solo Sports' profits or ICON's damages, whichever is greater, pursuant to at least Section 35(b) of the Lanham Act, 15 U.S.C. § 1117(b);

     H.     An award of ICON's damages and Solo Sports' profits, in an amount to be proven at trial, pursuant to applicable state statutory and common law, including at least the greater of ICON's actual damages and $2,000, pursuant to Utah Code Ann. § 13-11a-4(2)(b);

     I.     An award of actual and punitive damages pursuant to Utah Code Ann. § 13-5a-103(b);

     J.     An award of ICON's costs in bringing this action, pursuant to at least Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a), and 35 U.S.C. § 284; and applicable state statutory and common law, including at least Utah Code Ann. §§ 13-5a-103(1)(b)(ii) and 13-11a-4(2)(c);

     K.     An award of ICON's attorneys' fees, pursuant to Section 35(b) of the Lanham Act, 15 U.S.C. § 1117(b); and applicable state statutory and common law, including at least Utah Code Ann. §§ 13-5a-103(1)(b)(ii) and 13-11a-4(2)(c);

     L.     A declaration that this is an exceptional case, and that ICON be awarded its attorneys' fees and expenses, pursuant to at least 35 U.S.C. § 285;

     M.     An imposition of constructive trust on, and an order requiring a full accounting of, the sales made by Solo Sports as a result of its wrongful or infringing acts alleged herein;

     N.     Prejudgment interest, pursuant to at least Section 35(b) of the Lanham Act, 15 U.S.C. § 1117(b), and 35 U.S.C. § 284;

    O.       Post-judgment interest, pursuant to at least 28 U.S.C. § 1961(a); and

    P.       For such other and further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

ICON demands trial by jury on all claims and issues so triable.

DATED February 10, 2010.

                        WORKMAN | NYDEGGER

                        By: /s/ Mark W. Ford
                              David R. Wright
                              Mark W. Ford
                              Jared J. Braithwaite

                        Attorneys for Plaintiff
                        ICON HEALTH & FITNESS, INC.